JUDGE TUCKER
stated the case, and proceeded. The motion in arrest of judgment in this case seems to have been founded upon the third section of the act concerning the escape of debtors, (d) which declares that no judgment shall be entered against any Sheriff, or other officer, in any suit brought upon the escape of any debtor in his or their custody, unless the Jury, who shall try the issue, shall expressly find that such debtor did escape with the consent, or through the negligence of such Sheriff; or that such prisoner might have been retaken, and that the Sheriff and his officers neglected to make immediate pursuit.
I conceive that there is no principle of the common law more generally acknowledged, or more demonstrably true, than that, whenever the defendant in any action whatsoever pleads the general issue, and relies on that plea only, if the. Jury find a general verdict for the plaintiff, every material fact, allegation and averment, which is sufficiently charged in the 506 declaration *to support an action thereupon, is by such verdict as substantially and expressly found to be true, as if the Jury had repeated the declaration, clause by clause, verbatim, in their verdict. And this is proved by the manner and form of pleading, which, we are told by Sir Edward Coke, 1 Inst. 115, b. affords one of the best arguments, or proofs in law, when drawn from right entries, or course of pleading; for that the law itself speaketh by good pleading. Now the right entry, or course of pleading in this case is, that the defendant, by his attorney, comes and defends the wrong and injury, and saith that he is not guilty in manner and form as the plaintiff hath complained against him; and of this he putteth himself upon the country; and the plaintiff likewise. Thus, the issue for the Jury to try, is whether the defendant be guilty, in manner and form as the plaintiff hath complained against him: they have answered that he is guilty, and assess the plaintiff’s damages. The Court, whose duty it was to mould this verdict into proper form, have done so, and it is accordingly entered that he is guilty in manner and form as the plaintiff by replying hath alleged. But the replication is not special, but merely joins the issue tendered by the defendant in his plea: it denies the truth of the plea, as the plea had before denied the truth of the charge in the declaration, in manner and form as the same was therein set forth. And the verdict, by affirming the truth of the issue thus joined between the parties, has, in my opinion, not only substantially, but expressly, found that the debtor did escape with the consent, of the Deputy Sheriff; it being expressly charged in the declaration, that the Deputy Sheriff, contra^ to the duties of his office, freely and voluntarily permitted and suffered the said Daniel Tebbs to escape and go at large, (e)
Thus far I have spoken upon the general principles of the common law, and the right course of pleading. I will now notice the preamble to the clause of the act before recited, and upon which the defendant has relied for his indemnification; premising that the County Court law requires the Court of every County (under a penalt3r on the Justices, if they fail to do so) to build, and keep in repair, a common gaol and county prison, welt secured with iron *200 bars, bolts and locks. The frequent neglect of this injunction is thus noticed by the Legislature in the act concerning escapes. s. 3. “And whereas the situa507 tion of most prisons in *this Commonwealth hath given opportunities to evil disposed persons to break open the same, and turn out debtors and others in custody, to the hindrance of justice,, prejudice of creditors, and ruin of sheriffs, who have been compelled to pay the debts, with which such prisoners stood charged; for remedy thereof, Be it enacted that no judgment,” &c. We are told by the same eminent Judge before referred to(a) that the preamble of a statute is the key to the mind of the Legislature. What, then, was it in the mind of the Legislature to remedy in this case? The insufficiency of the county gaols: for to that object alone, and the means it afforded disorderly persons to violate the laws, was their attention turned, and not to any voluntary act of misfeasance on the part of the Sheriff, whether the same were committed through wilfulness or mistake. Here the Sheriff is charged with an unlawful, and therefore unjustifiable act, proceeding from one or the other of those causes; it is immaterial which ; for, if a Sheriff mistakes his authority, he is civilly answerable, equally as if he had wilfully offended. I am therefore of opinion that the judgment be affirmed.
JUDGE ROANE.
The judgment of the District Court in the action upon the prison-bounds bond having been in favour of the defendants, upon the ground that the bond was illegal and void; and that judgment being still in full force and unreversed, we must now take it to be correct, and the bond sued upon to be void, whatever opinion the Court may entertain upon the question, as occurring in the present action. It was not incumbent on the appellee to have appealed from that judgment to the Court of the last resort; but it was competent for him to proceed upon the judgment of the District Court, in the present action against the appellant; reserving to the appellant, however, the right to shew that that judgment was obtained by the connivance or collusion of the appellee. These conclusions seem entirely warranted by analogy to the decision of this Court in the case of Lee, Executor of Daniel, v. Cooke, 1 Wash. 306. That was an action against a warrantor of a slave recovered from the warrantee by the judgment of the District Court, and it was adjudged not to be necessary to aver in the declaration, or to prove, that notice was given to the warrantor of the pendency of the action against the warrantee; for that every judgment of a Court of 508 ^Justice is presumed to be fair till the contrary appear; and, if there was any collusion between the parties in that action, it should have been pleaded and proved on the part of the defendant. In that case, as in this, a man was affected by the judgment in a suit to which he was no party: and in that case, as in this, the decision of a subordinate Court was held sufficient to support the second action, as being conclusive upon the point decided, only reserving power to the defendant to shew that the parties to the former action had colluded to his injury.
I shall therefore proceed upon the idea that the bond in question is void; though my opinion is, that it is not so at common law, however it may be under the statute, as to which I have formed no conclusive opinion. The case of Johnson and Meriwether, and the other cases cited by Mr. Botts, prove this, in my judgment, incontestably: and, however this bond may stand justified in other respects by our statute, I am inclined to think that the 17th section of the act concerning Sheriffs(b) does not extend to bonds given by parties in execution, but to such only as are given by persons arrested on mesne process. This has been decided in relation to the English statute, (to which our’s substantially corresponds,) in the case of Rogers v. Reeves, 1 Term Rep. 421. And, although a contrary opinion seems to have been hinted at by this Court in the case of Syme v. Griffin, yet this point was not made in that case; and, besides, that decision may stand justified by another ground taken by the Judges, namely, that a part of the condition of the bond was adjudged to be void by the principles of the common law.
Taking this, then, to be a void bond, as by the decision aforesaid it is declared to be, the releasement of the prisoner from gaol was “an escape with the consent, and through the negligence of the Sheriff,” and such escape is the very gist of this action. There can be no real difference between a releasement of a prisoner without 'taking any, or taking only a void and ineffectual obligation. The Sheriff is bound to retain the prisoner in gaol, unless he gives a bond in all respects such as is required by the law allowing the liberty of the prison rules. ■ Unless that bond be perfect, the party injured is not bound to proceed upon it against the obligors therein; but is at liberty to pursue the Sheriff on the ground of an illegal discharge of the prisoner.
Such being the nature of this action; it being, in effect, an ^action against the Sheriff for the escape of the prisoner; the law (as well as the case of Johnson v. Macon, 1 Wash. 4,) is imperious that the Jury should expressly find the escape to have been with the consent, or through the negligence, of the defendant. This requisite cannot be supplied by any intendment or reference whatsoever; not even by the very strong circumstance, denoting such consent, that a bond was in _ fact taken by the Sheriff at the time, which! was afterwards, however, adjudged to be void.
On these grounds, I am of opinion, that the District Court erred in rendering judgment on the verdict in question, and that its judgment ought to be reversed.
JUDGE ELEMING,
after stating the case. With respect to the charge, that the bond for keeping the prison bounds was made payable to the plaintiffs instead of he Sheriff, I consider that as no good *201 ground of action; for, though it was not taken in strict conformity to the act of Assembly, respecting the persons to whom payable, j’et it was a good bond at common law, according to the decisions of this Court in the cases of Meriwether v. Johnson, and others; and, had the appellees appealed from the decision of the District Court, I have no doubt that judgment would have been reversed by this Court, and the action brought upon the bond sustained. In the case of Syme v. Griffin the condition of the bond was illega! in itself; and therefore no action could have been maintained upon it.
With respect to the escape, no judgment, in my conception, ought to have been entered on the verdict; for, by the act of 1792, c. 79, sect. 3, it is enacted, “that no judgment shall be entered against any Sheriff, ■or other officer, in any suit brought upon the escape of any debtor in his or their custody, unless the Jury who shall try the issue shall expressly find that such debtor •or prisoner did escape, with the consent, or through the negligence, of such Sheriff, or Serjeant, or his officer or officers; or that such prisoner might have been retaken, and that the Sheriff, or Serjeant, and his officers, neglected to make immediate pursuit.” In the verdict before us there is no such finding, nor anjr thing similar, or tantamount; and it seems to me that the rule of the common law that has been mentioned does not apply in this case; it being taken away by a special clause in the act of Assembly above mentioned.
*As to the rule, “that the preamble of a statute furnishes a guide to its construction,” where the enacting words are ambiguous, or doubtful, it may be well to resort to the preamble as a key to discover the will and intention of the Legislature; but where an enacting clause is clear and explicit, as in the present case, it seems to me improper to resort to the preamble, to discover the meaning of the statute, in order to give it an operation, or to destroy its effect, contrary to the will of the Legislature.
I am of opinion, upon the whole, that the judgment is erroneous, and ought to be reversed; and the cause remanded to the Superior Court of Prince William, for a new trial to be had therein.
Judgment reversed, and new trial directed.

 1 Rev. Code, c, 79.

 1 Wash. 6, Johnson v. Macon.

 Co. Litt, 79, a.

 1 Rev. Code, p. 122.